IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DON THORSON, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:15-CV-0571-D |
| VS. § | |
| § | |
| AVIALL SERVICES, INC., et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Don Thorson ("Don") filed this lawsuit against defendants Aviall Services Inc. ("Aviall")[1] and Conexis Benefits Administrators, LP (" Conexis"). Following Don's death, Rachel B. Thorson ("Rachel") (Don's mother) and Sonya Nichols ("Sonya") (Don's sister), as Don's heirs, filed the instant motion under Fed. R. Civ. P. 25(a)(1) to substitute themselves as plaintiffs.[2] The court denies the motion because Rachel and Sonya have failed to demonstrate that no administration of Don's estate is necessary. The court grants Rachel and Sonya leave to file an amended motion for purposes of proving that Don's estate does not require administration, or that at least one of them has been appointed as a personal representative of Don's estate who can prosecute this action in a representative capacity.

---

[1]On April 10, 2015 Aviall filed a motion to dismiss this action. That motion remains pending until the court resolves whether this lawsuit can continue following Don's death.

[2]Some of the pleadings in this case, including the instant motion to substitute, have been filed as sealed documents. The court concludes, however, that this memorandum opinion and order need not be sealed.

I

Don sued Aviall and Conexis to recover for breach of contract and violations of ERISA.[3] Following his death, his mother (Rachel) and sister (Sonya) filed the instant motion to substitute themselves as plaintiffs, contending that they are his successors in interest under the Texas Survival Statute and under federal and state common law. Rachel and Sonya maintain that Don did not leave a will; that they are therefore his sole surviving heirs and successors in interest by intestate succession; and that there has been no administration of his estate, and that none is necessary. They contend that, if it becomes necessary in the future to file a proceeding in the probate court, it is anticipated that Rachel will be appointed Executrix or Administratrix and will file as successor plaintiff. They also contend that, to the extent Don's claims are not covered by the Texas Survival Statute, a plaintiff can bring a common-law survival action for damage to real or personal property, breach of contract, debt, wrongful acquisition of property by fraud or deceit, trespass to try title, or conversion of property.

Aviall opposes the motion. It recognizes that, although the personal representative of an estate ordinarily is the only person entitled to sue for recovery of property belonging to the estate, in the absence of such an appointment, the heirs at law can maintain the suit, provided they allege and prove that there is no administration pending and none is necessary. Aviall also acknowledges that Rachel and Sonya allege that, at this time, there is no

---

[3]Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

administration of Don's intestate estate and none is necessary. But Aviall maintains that Rachel and Sonya contradict this assertion by acknowledging that, if a probate proceeding becomes necessary in the future, Rachel would likely seek appointment as the estate's representative. And it contends that, in the complaint, Don alleged that he lost $200,000 in his business, was unable to afford medical care for his family, and had large unpaid hospital, medical, and drug bills. Aviall therefore maintains that Rachel and Sonya have failed to make the required showing necessary for substitution as plaintiffs. It also posits that, even if Rachel and Sonya can make the required showing, Sonya lacks standing and the capacity to be substituted as a plaintiff, and Rachel cannot recover some of the damages the complaint seeks.[4]

II

Under Texas law, the general rule is that the personal representative of a decedent's estate is the only person who is entitled to sue to recover estate property. *See Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998) (citing *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971)). There is an exception to this rule, however, that allows a decedent's heirs at law to bring suit to recover property belonging to the estate during the four-year period allowed by law. *Id.* at 31-32. To do so, the heirs "must allege and prove that there is no administration pending and none necessary." *Frazier*, 472 S.W.2d at 752. These "same general rules govern a suit to recover damages for breach of a contract made by decedent during his

---

[4]The court need not address at this time whether Rachel is entitled to recover relief in any particular form.

lifetime." *Id.*

III

The court considers first whether Rachel and Sonya have made a sufficient showing that no administration of Don's estate is necessary. As noted, Aviall contends that the complaint's allegation that Don had suffered significant monetary losses, together with the acknowledgment by Rachel and Sonya that a probate proceeding might become necessary in the future, preclude a showing that no administration of Don's estate is necessary. Rachel and Sonya reply that, although Don's estate has debts, there is no need for an estate administration because "there are no known assets comparable to the debts, except possibly a future recovery in this suit." Reply ¶ 1.02.

In *Frazier* the Supreme Court of Texas held that because "the evidence affirmatively show[ed] that a number of debts owing by the estate were still unpaid . . . there [was] a necessity for administration." *Frazier*, 472 S.W.2d at 752. This is the same result that the Texas Estates Code dictates. Under the Code, the administration of an estate is necessary if there are two or more debts against the estate. *See* Tex. Estates Code Ann. § 306.002(c)(1) (West 2014) ("The court may find other instances of necessity for an administration based on proof before the court, but a necessity is considered to exist if: (1) there are two or more debts against the estate[.]"). The Code also provides that the estate of someone who dies intestate vests subject to the payment of the decedent's debts, except as exempted by law. *See id.* § 101.051(b). The allegations of the complaint, together with the reply of Rachel and Sonya, establish that Don's estate owes more than two debts. Accordingly, an administration

of the estate is necessary under Texas law, either through use of a personal representative or under a permissible alternative method. In *Shepherd* the court recognized that a "family settlement agreement is an alternative method of administration in Texas that is a favorite of the law." *Shepherd*, 962 S.W.2d at 32.

Accordingly, although Rachel and Sonya have failed to establish that an administration of Don's estate is unnecessary, the court grants them leave to file an amended motion, within 60 days of the date this memorandum opinion and order is filed, demonstrating that no administration is pending and none is necessary because, for example, they have entered into a recognized alternative method of administration. Alternatively, they can demonstrate in the amended motion that at least one of them has been appointed as a personal representative of Don's estate who can prosecute this action in a representative capacity.

IV

The court next considers Aviall's challenge to Sonya's standing and capacity to sue on behalf of Don's estate. Aviall contends that only Rachel (Don's mother) can substitute as a plaintiff and that, as Don's sibling, Sonya cannot do so.

Under the Texas Estates Code, the estate of a person who dies intestate and is survived only by one parent and one sibling is to be divided into two equal portions, with one portion passing to the parent and one portion passing to the sibling. *See* Tex. Estates Code § 201.001(d)(1) (West 2014). Accordingly, Rachel and Sonya are both heirs of Don's estate, in equal portions. Estate beneficiaries can bring suit for certain claims that survive at

common law.  *See Smith v. O'Donnell*, 288 S.W.3d 417, 421 (Tex. 2009) (noting that, "[a]t common law, actions for damages to real or personal property survive the death of the owner."); *Thomes v. Porter*, 761 S.W.2d 592, 594 (Tex. App. 1988, no writ) (recognizing that breach of contract claims survive death of either party at common law).  The Supreme Court of Texas has held that "claims that are contractual in nature or affect property rights survive the death of either party." *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 784 (Tex. 2006).  Sonya therefore has standing and the capacity to sue, at least to the extent necessary to substitute as a party in Don's place.[5]

\* \* \*

For the foregoing reasons, the court denies Rachel and Sonya's motion to substitute heirs of deceased plaintiff as parties plaintiff.  It grants them 60 days from the date this memorandum opinion and order is filed to file an amended motion for purposes of proving that Don's estate does not require administration, or that at least one of them has been appointed as a personal representative of Don's estate who can prosecute this action in a representative capacity.

**SO ORDERED**.

December 2, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[5]The court need not address at this time whether Sonya would have standing and the capacity to sue on any other basis.