IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RACHEL THORSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-0571-D |
| VS. | § | |
| | § | |
| AVIALL SERVICES, INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Rachel Thorson's ("Thorson's") March 10, 2017 motion for leave to amend complaint is granted.[*]

Under the February 9, 2017 scheduling order in this case, motions for leave to amend were due by March 10, 2017. When, as here, "a party files a motion for leave to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Pyramid Transp., Inc. v. Greatwide Dall. Mavis, LLC*, 2012 WL 5875603, at *2 (N.D. Tex. Nov. 21, 2012) (Fitzwater, C.J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). The court also applies the lenient standard of Fed. R. Civ. P. 15(a)(2) to determine whether leave to amend should be granted. Under that standard, "[t]he court should freely give leave when justice so requires." Rule 15(a)(2). In their responses, defendants Aviall Services, Inc. ("Aviall") and Conexis Benefits Administrators, L.P. offer a number of reasons for why they maintain they would

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

be prejudiced by granting Thorson leave to amend. But this case was placed on a revised track when the court entered the February 9, 2017 scheduling order following the death of the original plaintiff and a period of delay that resulted from the change in plaintiffs. Dispositive motions, for example, are not due until November 10, 2017, and the case is not set for trial until the two-week docket of April 16, 2018. And defendants have not demonstrated that Thorson's presumptively timely motion should be denied under the lenient standard of Rule 15(a)(2).

As for Aviall's contention that granting leave to amend would be futile, this court has often explained that

> the court's almost unvarying practice . . . is to address the merits of [a] claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Hoffman v. L & M Arts*, 2012 WL 4321739, at *5 (N.D. Tex. Sept. 21, 2012) (Fitzwater, C.J.) (quoting *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.)) (internal citation and quotations omitted).

Accordingly, Thorson is granted leave to file her proposed first amended complaint.

**SO ORDERED**.

May 10, 2017.

                                              SIDNEY A. FITZWATER
                                              UNITED STATES DISTRICT JUDGE